UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DISA INDUSTRIES A/S,

    Plaintiff,

v.                                                                Case No. 07-C-949

THYSSENKRUPP WAUPACA, INC.,

    Defendant.

**ORDER**

      Defendant has filed a motion to strike Plaintiff's *Markman* brief on the grounds that it is roughly 100 pages long. In Defendant's view, the brief's length violates both the letter and the spirit of Civil Local Rule 7.1(f), which allows briefs containing up to 30 pages of argument. The offending brief (which is filed as a brief-in-chief and an appendix that is largely undistinguishable from a standard brief) does not violate the letter of the rule, of course, because the rule governs motion practice rather than claim construction briefs filed in anticipation of *Markman* hearings. Still, Defendant's claim that the lengthy brief violates the rule's spirit is well-taken. The time and resources of a court are not unlimited, and the public would be ill-served if courts routinely devoted the sort of resources to a single case that the length of the Plaintiff's briefs implies is required. There is no showing (so far) that this case is abnormally complicated or of such public import that a court would be justified in putting its other pending cases to the side in order to entertain dozens of claim construction arguments that at this point seem picayune or even illusory.

That said, it is perhaps understandable that one party might wish to make certain arguments in order to preserve them in the event such matters ultimately are disputed. In fact, Plaintiff states that it filed two briefs (one brief plus a brief-like appendix) in order to *conserve* judicial resources, the idea being that it did not believe the additional claims discussed in the appendix required the Court's attention. Thus, the problem at this stage seems one of communication: from the briefs it appears both sides believe there are only a few claims requiring the Court's consideration, but it is still difficult to tell what the principal claim construction disputes are. Both sides seem to agree that only a few disputes are key ones, but neither seems willing to make sufficient concessions such that the minor disputes fall away.

The Plaintiff's brief will not be stricken, as it does not violate any Federal or Local Rule. That said, *Markman* proceedings are not undertaken in a vacuum: courts construe only those claims that are relevant to the underlying cause of action for infringement. Neither are *Markman* proceedings an invitation to the parties to make every claim construction argument conceivable. If an issue with claim construction arises later in the action, a court may always revisit its claim construction decision at that time. As such, parties need not fear that they need to "preserve" apparently irrelevant arguments just in case they might later become relevant. By now the parties, who are far more familiar with their case than the Court is at this stage, should have a firm idea of which claims require the Court's construction, and they should limit their response briefs to those material claims with an eye towards streamlining the matters actually (and materially) in dispute.

The motion to strike is **DENIED**.

**SO ORDERED** this   25th   day of August, 2008.

s/ William C. Griesbach
William C. Griesbach
United States District Judge