UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DISA INDUSTRIES A/S,

        Plaintiff,

v.                                                Case No. 07-C-949

THYSSENKRUPP WAUPACA, INC.,

        Defendant.

## ORDER

In advance of a *Markman* hearing scheduled for September 11, Plaintiff DISA Industries has moved to strike Defendant ThyssenKrupp's expert witness designation for failing to comply with this Court's scheduling order. ThyssenKrupp responds that (despite being designated as such) the witness in question is not an expert but a fact witness, who will testify as a person of ordinary skill in the art about his "understanding of the patents in suit." That sort of testimony, however, is not a matter about which a typical "fact" witness would be expected to testify. Instead, it is essentially the common fare of an expert witness. The Federal Circuit has recognized that

> extrinsic evidence in the form of expert testimony can be useful to a court for a variety of purposes, such as to provide background on the technology at issue, to explain how an invention works, to ensure that the court's understanding of the technical aspects of the patent is consistent with that of a person of skill in the art, or to establish that a particular term in the patent or the prior art has a particular meaning in the pertinent field.

*Phillips v. AWH Corp.,* 415 F.3d 1303, 1318 (Fed. Cir. 2005).

ThyssenKrupp has cited *Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d 1576 (Fed. Cir.

1996), a case which evidences the Federal Circuit's disapproval of expert testimony when the meaning claim terms is discernable from the patent itself. That case demonstrates that ThyssenKrupp recognizes the limitations on using expert witnesses at *Markman* hearings, but it does not serve to distinguish its witness' testimony from that of a typical expert. Since ThyssenKrupp has failed to provide a summary of its expert's opinion as required by the scheduling order, the witness will be precluded from testifying in any expert capacity.

ThyssenKrupp, in its response, indicates that it will be objecting to *any* expert witness testimony at the *Markman* hearing. That objection is well-taken; in light of *Vitronics* and other Federal Circuit precedent, the Court will be inclined to hear expert testimony only in the event the claim terms clearly require extrinsic evidence for elaboration. But that determination will have to be made at the time of the hearing. Regardless of whether expert testimony is otherwise admissible, however, ThyssenKrupp's failure to comply with the scheduling order precludes it from introducing such testimony at the upcoming *Markman* hearing.

Accordingly, the motion is **GRANTED**, ThyssenKrupp's designation of expert witnesses is stricken and it will be precluded from introducing expert testimony at the *Markman* hearing in this matter.

Dated this 29th day of August, 2008.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge