UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DISA INDUSTRIES A/S,

        Plaintiff,

v.                                               Case No. 07-C-949

THYSSENKRUPP WAUPACA, INC.,

        Defendant.

**ORDER DENYING RECONSIDERATION**

This Court issued a decision on claim construction on October 24, 2008. Defendant Thyssenkrupp Waupaca ("Waupaca") has filed a motion for reconsideration. Waupaca asks that the Court reconsider its conclusion that the hydraulic pumps described in the '8488 patent need not be connected to a specific actuator. The '8,488 patent describes an apparatus for controlling the movements of the squeeze plates of a string molding apparatus. To recall, claim 1 of the '8,488 patent claims a

    1. String moulding apparatus comprising:
        a moulding chamber between a movable squeeze plate and a pivoted squeeze plate, at least one of the squeeze plates being provided with a pattern, the movable squeeze plate being movable by means of a first linear hydraulic actuator and the pivoted squeeze plate being movable by means of a second linear hydraulic actuator; and
        a source of hydraulic fluid under pressure connected through supply/return conduits to the first and second linear hydraulic actuators,
        (a) wherein the source of hydraulic pressure comprises a first and a second hydraulic pump, with the first hydraulic linear actuator connected to be driven by the first hydraulic pump and with the second hydraulic linear actuator connected to be driven by the second hydraulic pump, and

(b) wherein the supply/return conduits are configured in association with the first and second pumps to provide simultaneous and separately controlled movements of said first and second pressure plates such that during operation of said string moulding apparatus a movement of one of said first and second squeeze plates commences before a preceding movement of the other of said first and second squeeze plates has finished.

('8,488 patent col. 7, ll. 7-32.)

The question for reconsideration is whether the phrase "the first hydraulic linear actuator connected to be driven by the first hydraulic pump and with the second hydraulic linear actuator connected to be driven by the second hydraulic pump" means that the specific pumps at issue are to be connected *only* to their designated actuators. In my decision on claim construction, I concluded that "nowhere in the specification or prosecution history has DISA limited its claims to a description of pumps dedicated to specific actuators." (Decision on Claim Construction at 11.) I noted that the conduit 20 provided for an open circuit, such that either of the actuators could drive either of the pumps (at least theoretically, if not by design); and as such, there was no indication that each actuator needed to be devoted solely to a specific pump and only that pump.

Waupaca suggests that this conclusion resulted from an about-face by DISA in the midst of oral argument. That does not seem accurate. In fact both sides point fingers at each other, claiming that the other has changed its position during these proceedings. But as Waupaca notes, the question of claim construction is a matter of law and thus not heavily dependent on the vicissitudes of the parties' argued positions. The point is to get it right, and preferably at this stage than after *de novo* review by the Federal Circuit.

In matters of claim construction, courts are not to read limitations into claims where none exist, and neither are courts to read claims narrowly merely because they describe a device in the

2

fashion set forth above (e.g., "the first hydraulic linear actuator connected to be driven by the first hydraulic pump"). The fact that the claim describes how the actuator is "to be driven" does not warrant a conclusion (absent other evidence or text) that such is the *only* way an actuator in the invention may be driven. Actuators may be "connected to be driven by" a specific pump yet still maintain the ability to be driven by other pumps. The limitation proposed by Waupaca is not found in the patent. Accordingly, the motion for reconsideration is **DENIED**. The motion for leave to file a sur-reply brief is **DENIED** as moot.

    **SO ORDERED** this   5th   day of January, 2009.

                                        s/ William C. Griesbach
                                        William C. Griesbach
                                        United States District Judge