UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DISA INDUSTRIES A/S,

        Plaintiff,

v.                                            Case No. 07-C-949

THYSSENKRUPP WAUPACA INC.
a Wisconsin corporation,

        Defendant.

**ORDER GRANTING MOTIONS TO SEAL CONFIDENTIAL MATERIALS**

Presently before the Court are three motions to seal documents electronically filed with the Court containing information that has been designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY by the party producing the document in the course of discovery. Under the Protective Order stipulated to by the parties and signed by the Court, the parties are authorized to file such information under seal without leave of the Court. (Protective Order, Dkt. [49], ¶ 12.) Thus, there is no need to file a motion to seal filings that contain information from discovery documents that have been designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY. Authority to file under seal such materials has already been granted.

This is not to say, however, that the documents filed under seal with this Court will remain under seal. As the Court attempted to explain in its Proviso to the Protective Order (doc. # 48), the longstanding tradition in this country is that litigation is open to the public. *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000). The fact that the parties choose to designate material confidential does not make it so. Ultimately, the Court must make a determination whether the strong presumption of openness is overcome because of the necessities

of a particular case. Obviously, the Court has not made such a determination as to any of the materials the parties have, as between themselves, designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY. As I indicated in the Proviso, the Protective Order is primarily intended to expedite discovery and avoid the time and expense that would be expended in arguing whether information which a party does not wish to disclose publicly is discoverable. Thus, the designations control as between the parties, but are not final as to the Court or the public.

At the end of the case or in the event a member of the public requests disclosure, the Court will determine whether the previously sealed documents should remain sealed. At that time, the party requesting confidentiality will be provided an opportunity to establish the just cause needed to support such a request. In the meantime, the parties are expected to follow the provisions of the protective order which authorize them to file under seal documents that have been designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY. Since the parties' own designations are not determinative, however, each party should, to the extent possible, avoid placing in the record information that the other party has designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY. Only in this way can each party be assured that each party's interest in confidentiality can ultimately be respected.

Accordingly, the motions to file exhibits under seal, docket nos. [74], [76] and [79], are granted with the understanding that the Court does not expect to see further motions of this nature with respect to material otherwise covered by the Protective Order.

**SO ORDERED** this   26th   day of February, 2009.

               s/ William C. Griesbach
               William C. Griesbach
               United States District Judge