UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DISA INDUSTRIES A/S,

        Plaintiff,

v.                                                       Case No. 07-C-949

THYSSENKRUPP WAUPACA, INC.,

        Defendant.

## ORDER

On April 7, 2009, this Court entered a Decision and Order (Dkt. # 100) granting the Motion for Partial Summary Judgment, finding that claim 1 of U.S. Patent No. 6,481,488 was invalid for indefiniteness. DISA has since filed a motion for reconsideration of that decision. In the meantime, the parties have informed the Court that they have reached a settlement. As part of that settlement, they have jointly moved the Court to vacate its decision granting partial summary judgment, a decision both sides view as "non-final" in light of the pending motion for reconsideration. Judgment has not been entered.

Regardless of whether an order granting partial summary judgment is "final" or not (a question that has implications for the appeals process and may have preclusive import as well), the Seventh Circuit has cautioned that the litigants themselves cannot privately agree about the continued existence of judicial orders:

> When a clash between genuine adversaries produces a precedent . . . the judicial system ought not allow the social value of that precedent, created at cost to the public and other litigants, to be a bargaining chip in the process of settlement. The

> precedent, a public act of a public official, is not the parties' property. We would not approve a settlement that required us to publish (or depublish) one of our own opinions, or to strike a portion of its reasoning. . . . If parties want to avoid stare decisis and preclusive effects, they need only settle before the district court renders a decision, an outcome our approach encourages.

*Matter of Memorial Hosp. of Iowa County, Inc.,* 862 F.2d 1299, 1302 (7th Cir. 1988).

Still, the Seventh Circuit has affirmed orders vacating judgments under other circumstances. In *Gould v. Bowyer*, the district judge entered an order granting summary judgment to the defendant. 11 F.3d 82, 84 (7th Cir. 1993). Unbeknownst to the judge, the parties had entered into a settlement. The plaintiff moved to vacate the summary judgment order on that basis, and the judge granted that motion. The Seventh Circuit affirmed, noting among other things that the motion to vacate had been filed prior to an appeal. Moreover, the Court distinguished *Memorial Hospital* on the basis that "in *Memorial Hospital*, where the case became moot pending appeal, the parties had asked us, not the district court, to vacate the district court's decision." *Id.*

Based on *Gould*, I conclude that under these circumstances there is no barrier to granting the parties' joint motion to vacate this Court's April 7 order. Accordingly, the motion to vacate is **GRANTED**, and this Court's decision (Dkt. # 100) is **VACATED.** The consent motion to withdraw the motion for summary judgment (Dkt. # 103) is also **GRANTED**. All other pending motions are **DENIED** as moot, and the case will be administratively closed.

**SO ORDERED** this   28th   day of September, 2009.

  s/ William C. Griesbach  
William C. Griesbach  
United States District Judge

2